IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Brittany Bey, ) | Case No. 8:23-cv-05016-JDA |
| Plaintiff, ) | |
| v. ) | **OPINION AND ORDER** |
| AT&T Mobility, ) | |
| Defendant. ) | |

This matter is before the Court on a pro se Complaint filed by Plaintiff Brittany Bey. [Doc. 1.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings. On October 18, 2023, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the action be dismissed. [Doc. 12.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. On November 3, 2023, Plaintiff filed objections to the Report. [Doc. 17.] On November 29, 2023, Plaintiff filed a motion for default judgment as to AT&T Mobility.[1] [Doc. 21.]

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the

---

[1] Plaintiff has not been authorized to serve this lawsuit [Doc. 10], and therefore no summons has been issued in this case.

Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2015) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## **DISCUSSION**

The Magistrate Judge recommends dismissing the action because Plaintiff's claims are frivolous under 28 U.S.C. § 1915(e)(2)(B). [Doc. 12.] In her objections, Plaintiff generally objects to the Report and opposes dismissal, arguing that Defendant's refusal to honor a coupon note created by Plaintiff amounts to breach of contract, unjust enrichment, and violation of the Uniform Commercial Code ("U.C.C."). [Doc. 17.] Plaintiff goes on to restate her factual allegations, claims for relief, and prayer for relief. [*Id*. at 1–2.]

The Court concludes that Plaintiff's objections, liberally construed, fail to address the Report's findings and recommendations. As an initial matter, the Report finds that Plaintiff purported to file an executed summons with the Court, but a summons has not been issued by the Court and service has not been authorized. [Doc. 12 at 2.] The Report concludes that Plaintiff has failed to show that Defendant breached or interfered with her cell phone service contract by refusing to accept as payment Plaintiff's "invoice" or "coupon note" in lieu of money, valid credit, or a true negotiable instrument. [*Id*. at 2–3.] Plaintiff has not pled anything to suggest that AT&T agreed to accept such documents

2

as payment or that they are "negotiable instruments" pursuant to the U.C.C. [*Id*.] Other than re-stating her factual allegations and causes of action, Plaintiff has failed to address any of the substantive findings in the Report.[2] Nevertheless, out of an abundance of caution for a pro se party, the Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, the action is DISMISSED with prejudice and without issuance and service of process, and Plaintiff's motion for default judgment [Doc. 21] is DENIED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

March 12, 2024
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] The Report also suggests that Plaintiff's assertion that Defendant was required to accept her payment coupons was based on the notion that she has special status in the United States as "Moorish-American." [Doc. 12 at 3.] In her objections, Plaintiff acknowledges that she identifies as a Moorish American but states that this does not warrant any special privileges. [Doc. 17 at 1.]